IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRYL JAYVONN LEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0219 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

On August 3, 2005, petitioner DARRYL JAYVONN LEE filed with this Court a form application for habeas corpus under 28 U.S.C. § 2241 et seq.[1]  For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DISMISSED for failure to exhaust state court remedies.

I.
PROCEDURAL HISTORY

On May 4, 2004, petitioner was convicted of the felony offense of assault on a public servant out of the 156th Judicial District Court of Bee County, Texas, and received a twenty (20) year sentence for such offense.  *Ex parte Lee*, App. No. 33,551-09 at 16-18.  Petitioner was

---

[1] Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system.  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

extradited to Oklahoma County, Oklahoma on August 24, 2004 pursuant to an Interstate Agreement on Detainers. (Respondent's Exhibit A at 2, 11-12). According to petitioner, the Oklahoma charges were dismissed on April 1, 2005. (Petitioner's Writ Application at 7B). However, petitioner was not transported back to the custody of Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) pursuant to the Interstate Agreement on Detainers. (Respondent's Exhibit A at 13). Instead, petitioner LEE was arrested approximately two months later and returned to TDCJ-CID custody at that time. (Petitioner's Writ Application at 7B).

On November 22, 2005, respondent filed an answer to petitioner's habeas application, asserting therein that petitioner's application should be dismissed for failure to exhaust state court remedies. For the reasons set forth in respondent's answer and for the reasons set forth herein, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DISMISSED.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. His return to TDCJ-CID custody to serve out the remaining portion of his sentence constitutes a violation of the Double Jeopardy clause;

2. He was denied an extradition hearing;

3. His return to TDCJ-CID custody was executed pursuant to an unreasonable search and seizure; and

4. He was denied effective assistance of counsel.

III.
EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I)    there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court

> should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

In the instant case, petitioner alleges he filed a state habeas corpus application, *Ex parte Lee*, App. No. 33,551-09, in which he raised the grounds herein asserted. However, a review of the state court records shows the state habeas application raised only one ground, petitioner's

allegation he was denied his right to a speedy trial once he was extradited to Oklahoma. *Id*. at 5. Therefore, it appears the state's highest court has not yet had an opportunity to review and determine the merits of petitioner's instant claims. Accordingly, it is the opinion of the undersigned Magistrate Judge that the grounds raised in petitioner's federal habeas application have not been exhausted and said application is subject to summary dismissal in order that petitioner may present to, and obtain a ruling by, the Texas Court of Criminal Appeals on the unexhausted grounds.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner DARRYL JAYVONN LEE be, in all things, DISMISSED for failure to exhaust state court remedies.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of December 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).